UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

J. KENNETH STRINGER, III, J. MARK SAMPER and WILLIAM N. MARTIN,

        Defendants.

Case No. CR 03-432-HA

OPINION AND ORDER

Before the Court is the government's Motion for an In-camera Review (Doc #381). Oral argument on the motion was heard on October 12, 2005. Based on this court's prior rulings, the motion is denied as to Exhibits #2 through #5.

As to Exhibit #6, the government believes that the defendants are not entitled to receive a copy of this document based on the court's prior ruling that communications between government counsel and the FBI are protected. See transcript of June 14, 2005 hearing attached as Exhibit (1). The Court does not believe it has so ruled, but even if so, the court now finds that Exhibit #6 should be disclosed to defendants based on the defendant's right to due process under Brady v. Maryland, 373 U.S. 83(1963), United States v. Brumel-Alvarez, 991 F.2d 1452, 1458, (9th Cir. 1992).

DATED this 14 day of October, 2005

ANCER L. HAGGERTY
CHIEF U. S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
UNITED STATES OF AMERICA,      )
                               )
         Plaintiff,            )  CR-03-432-HA
                               )
    vs.                        )  June 14, 2005
                               )
J. KENNETH STRINGER, III,      )  Portland, Oregon
J. MARK SAMPER and WILLIAM N.  )
MARTIN,                        )
                               )  Pretrial Volume 1
         Defendants.           )
```

TRANSCRIPT OF PRETRIAL PROCEEDINGS

BEFORE THE HONORABLE ANCER L. HAGGERTY

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR THE PLAINTIFF:    Allan Garten
    Amy Potter
    United States Attorney's Office
    1000 SW Third Avenue, Sixth Floor
    Portland, Oregon 97204

FOR DEFENDANT STRINGER:    Janet Hoffman
    Carrie Menikoff
    Law Offices Of Janet Lee Hoffman
    1000 SW Broadway, Suite 1500
    Portland, Oregon 97205

EXHIBIT #1

      MR. LANGFITT: We are asking, Your Honor, to enter an order protecting these witnesses from an invasion of the attorney-client privilege during their testimony. I am prepared to be here during the testimony so that if that issue comes up, we can try to address it.

      MR. HOEVET: Your Honor, I think you have to hear it question by question.

      THE COURT: I agree. If the question is asked about '04, then I would probably sustain the objection.

      All right. Are we ready to proceed with the FBI agent?

      MR. GARTEN: We are, Your Honor. I assume at this point you don't care to hear from the Government in terms of -- we have no problem with the witnesses testifying. We obviously have a continuing objection on relevancy grounds, but we have moved to quash a subpoena with respect to the underlying documents. The Government is in a much different position than is FLIR, Your Honor.

      The Government, under the well settled case law, cannot use a Rule 17(c) subpoena to obtain documents from the Government that would not be discoverable under Rule 16. That's black letter law. It is not disputable.

      What the defendants seek by way of their subpoena is basically all of our internal work product. They ask for all of our documents, notes, internal e-mails

that reflect anything that the Government did by way of investigation from June of 2000 to September 30th, 2003.

That information, Your Honor, is clearly not discoverable under Rule 16. As the Court well knows, the only time that even government notes are turned over is when there is a Brady impairment. In other words, when there is a constitutional obligation to disclose that type of constitutional obligation, that type of constitutional obligation supersedes the strictures of Rule 16. A Rule 17(c) subpoena cannot be used to obtain that information when it is not Brady material. That's one set of information that we're not going to provide to the defendant absent a court order.

The second set of information is communications between the Government and the FBI and the Government and the SEC during this time frame. That is clearly internal deliberative process and work product documents, Your Honor, that are not subject to discovery under Rule 16 and should not be disclosed as well.

I segregate our internal documents, which are clearly not discoverable under any set of circumstances, and the communications with outside agencies prior to the time of indictment. It would have a chilling effect on the Government's ability to communicate with these agencies. If the Court were to determine that such

material should be turned over, we would ask that it not be turned over to the defendants, but it be turned over to the Court, in camera under seal, and let the Court ultimately, after hearing all the arguments, make a determination, because, again, I can't stress this enough, Your Honor, the Court, in the end, is going to find that this type of information is irrelevant.

It is not discoverable under Rule 16 and, therefore, not discoverable -- not subject to the Rule 17 subpoena. Even the defendant in their subpoena vaguely understands that this type of information is not discoverable when it says: This demand specifically does not include information regarding investigative techniques and procedures.

We don't know exactly what that means. But Rule 16 is quite clear about what is discoverable and what is not. The case law is quite clear about how Rule 17(c) subpoenas cannot be broader than Rule 16.

THE COURT: All right.

MR. OLSON: Maybe to just make this simpler, because the FBI agents that we subpoenaed for these documents are actually -- at least a couple of them are ready to go, really, we already talked about this. To focus this down a little bit, what we're primarily interested in are documents that relate to or show